## Case No. 8,526.

### LOUDON v. SCOTT.

[1 Cranch, C. C. 264.][1]

Circuit Court, District of Columbia. Nov. Term, 1805.[2]

SLAVERY—BROUGHT INTO STATE—FAILURE TO TAKE OATH.

A slave brought into Alexandria in 1802, by a person removing from Maryland, and omitting to take the oath within sixty days after his removal. is entitled to freedom under the act of the 17th of December, 1792, although the person bringing the slave was not his owner.

This was a suit for freedom, under the Virginia act of 17th December, 1792. Charles Scott, senior. the defendant's father, came to live in Alexandria, in March, 1802, from Maryland, and brought with him the plaintiff [the negro Loudon], who has remained here ever since he first came, and was hired out by the defendant's father, who received his wages. In June, 1803, the defendant, Charles Scott, Jr. (the owner of the plaintiff), came also to reside in Alexandria, from Maryland; and on the 5th of July, 1803, took the oath required by the statute to be taken by the owner of the slave.

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reversed in 3 Cranch (7 U. S.) 324.]

Mr. Jones, for defendant, contended that the negro is not free unless brought in by authority of his owner. It has been decided by the case of McDaniels's negroes, that where the master does no act which subjects him to the penalty, the negro is not entitled to his freedom.

THE COURT instructed the jury, that if they should be satisfied, by the evidence, that the plaintiff was brought from Maryland, into the county of Alexandria, in the year 1802, by the defendant's father, who exercised acts of ownership over him, and hired him out as his slave, and that the plaintiff has been kept in the said county, for one whole year thereafter, or so long at different times as amount to one year, before the bringing of this action. then the plaintiff is entitled to his freedom, although the jury should be satisfied that he was the property of the defendant, at the time he was so brought in, and that the defendant took the oath on the 5th of July, as stated in the certificate.

Verdict for plaintiff.

Reversed by the supreme court of U. S. 3 Cranch [7 U. S.] 324.